IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| v. | : | |
| ALBERTO GONZALEZ | : | NO. 02-cr-618-2 |
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| ALBERTO GONZALEZ | : | NO. 08-cv-0243 |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of persons in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated by the imposition (and not the execution) of his federal conviction or sentence (such relief may only be sought after imposition of the sentence). Cradle v. US ex rel Miner, 290 F.3d 526 (3rd Cir. 2002).

Petitioner in the instant matter, who is in federal custody, seeks relief pursuant to AEDPA (more specifically, he seeks relief pursuant to 28 U.S.C. §2255). By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2255. One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of***

***limitations***, created by 28 U.S.C. §2244(d) and §2255.  Another intentionally restrictive gate-keeping condition is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b) and 28 U.S.C. §2255, which generally forbids a litigant from filing a §2255 habeas if that litigant had at least one prior §2255 habeas if that previous §2255 petition was "dismissed after adjudication of the merits of the claims presented,"[1] which means **either:**

    I.      a dismissal after a consideration on the merits;[2] **or,**

    II.     a dismissal on the grounds of the statute of limitations.[3]

      The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions.[4]  In the instant situation, there is a previous 28 U.S.C. §2255 petition filed by petitioner (05-cv-1184), which attacked the same conviction and/or sentence attacked in 08-cv-243, and which was dismissed after consideration on the merits.

      AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to

---

[1] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[2] Jiminian v. Nash, 245 F.3d 144 (2nd Cir. 2001); In re Moore, 196 F.3d 252 (DC Cir. 1999).

[3] Villanueva. V. USA, 346 F.3d 55 (2nd Cir. 2003).

[4] Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

consider such a habeas petition.[5]

Accordingly, this _____ Day of _____ 2008, it is hereby **ORDERED** as follows:

1. This civil action is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

2. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

                    **S/ LEGROME D. DAVIS**
                    **LEGROME D. DAVIS, U.S. District Judge**

---

[5] <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998).